# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **KATHRYN MACEWEN CONTI,** Appellant, v. **ARROWOOD INDEMNITY CO.**, Appellee. | 2:18-cv-13467 <br> HON. TERRENCE G. BERG <br><br> **ORDER AFFIRMING BANKRUPTCY COURT'S DECISION** |

Kathryn MacEwen Conti filed a voluntary Chapter 7 bankruptcy petition in 2017. Conti now appeals the decision of the United States Bankruptcy Court for the Eastern District of Michigan finding that her student loans are "qualified educational loans" and therefore nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(8)(B) of the United States Bankruptcy Code. Conti asserts that because the loans did not limit the use of loan proceeds to qualified higher education expenses, and she in fact used some of the proceeds for personal expenses unrelated to her education, the loans are not properly considered qualified higher educational expenses and are therefore dischargeable. Appellant Conti and appellee Arrowood Indemnity Company, which now owns Conti's loans, both filed motions for summary judgment on the question of whether Conti's loans are dischargeable under § 523(a)(8)(B). The Honorable Marci B. McIvor, United States Bankruptcy Judge, found that

1

the loans were "qualified educational loans" and accordingly nondischargeable in bankruptcy. On that basis, Judge McIvor granted Arrowood Indemnity Company's motion for summary judgment, denied Conti's motion for summary judgment,[1] and dismissed Conti's First Amended Complaint for Declaratory Relief. For the reasons set out below, the decision of the bankruptcy court is affirmed.

## BACKGROUND

Kathryn MacEwen Conti attended the University of Michigan from 1999 through 2003, where she earned a Bachelor of Arts degree in Musical Arts. ECF No. 7-1, PageID.2785 (Bankr. Ct. Hearing T.). To pay for her education, Conti borrowed money from Citibank. The financial institution made her five loans between October 2000 and February 2003 totaling $76,049. *Id.* at PageID.2786. Those loans were subsequently assigned to Discover Bank, to which appellee Arrowood Indemnity Company is a successor-in-interest. *Id.* at 2788–89. The total amount Conti borrowed from Citibank was less than the cost of attendance at the University of Michigan for each year. *Id.* at PageID.2787.

Conti's CitiBank loan applications became promissory notes after they were approved by the bank. *See id.* at PageID.2787. Each of those

---

[1] Arrowood Indemnity Company observes that Conti did not file a motion for leave to appeal denial of her motion for summary judgment, an interlocutory order, pursuant to Rule 8004 of the Federal Rules of Bankruptcy Procedure. The Court will, however, treat her notice of appeal as a motion for leave and grant the implied motion consistent with Fed. R. Bankr. P. 8004(d).

applications, which were signed by Conti, include language stating, "You may borrow up to the full cost of education less any financial aid you are receiving. Your school will be requested to certify this amount and the final approved loan amount could be less than the amount requested." *See* ECF No. 7-2, PageID.2820, 2826, 2832, 2838 (Promissory Notes). The five loan applications also avow, "I understand that the proceeds of this loan, if approved, must be used for educational purposes and that disbursements will be sent to my school by check or electronic funds transfer." *See* ECF No. 7-2 at PageID.2816, 2822, 2828, 2834, 2840. On the same page, the applications acknowledge, "I understand that the proceeds of this loan are to be used for specific educational expenses. I grant you a security interest in any refunds of the proceeds of the loan given to me by my educational institution or any other party." *Id*.

When Conti filed her voluntary Chapter 7 bankruptcy petition on May 31, 2017, she scheduled the debt owed to Arrowood Indemnity Company as general unsecured debt and asserted on Schedule E/F that the debt was nondischargeable pursuant to § 523(a)(8). She subsequently filed an adversary proceeding in bankruptcy court seeking a determination as to whether her debt was in fact dischargeable under § 523(a)(8). Both she and Arrowood Indemnity Company filed motions for summary judgment, taking opposing positions on the question of whether the Citibank loans are qualified educational loans within the scope of 11 U.S.C. § 523(a)(8)(B) and therefore nondischargeable. A hearing was held

before Bankruptcy Judge McIvor on October 23, 2018 during which she issued her ruling on the pending motions for summary judgment from the bench.

## STANDARD OF REVIEW

District courts have jurisdiction over appeals from final orders of the bankruptcy court in core proceedings. 28 U.S.C. §§ 157(b)(1), 158(a)(1). The bankruptcy court's findings of facts are reviewed for clear error while its conclusions of law are reviewed de novo. *Mapother v. Maporther, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 476–77 (6th Cir. 1996); *In re Batie*, 995 F.2d 85, 88 (6th Cir. 1993); Fed. R. Bankr. P. 8013. Where a bankruptcy court's determination involves a mixed question of law and fact, the district court "must break it down into its constituent parts and apply the appropriate standard of review for each part." *Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 106 F.3d 1255, 1259 (6th Cir. 1997) (citing *Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir. 1993)).

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment in adversary proceedings in bankruptcy court. *See* Fed. R. Bankr. P. 7056. Under that rule, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). On a motion for summary judgment, the Court must view the evidence and any reasonable inferences drawn from

4

the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001). The Court must then determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to the trier of fact or whether the moving party must prevail as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Because a grant of summary judgment presents a pure question of law, district courts review the bankruptcy court's grant of summary judgment de novo, using the same Rule 56 standard as the bankruptcy court. *In re Morris*, 260 F.3d 654, 663 (6th Cir. 2001); *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc).

## DISCUSSION

The heart of this dispute involves determining whether Conti's student loan is an "other educational loan that is a qualified educational loan, as defined in section 2221(d)(1) of the Internal Revenue Code." 11 U.S.C. § 523(a)(8)(B). The Court has reviewed the Bankruptcy Judge's findings of fact for clear error and observes no erroneous determinations. The Court will therefore consider de novo whether summary judgment in favor of Arrowood Indemnity Company and against Conti was warranted

based on the factual record and applicable governing law.[2] Having examined the record, as well as the parties' briefs and oral arguments on appeal, the Court is convinced that the material facts in this case are undisputed. The only disagreement between the parties stems from their competing interpretations of statutory law and contract language. Of those competing interpretations, the Court finds Arrowood Indemnity Company's position that Conti's loans are indeed "qualified educational loans" and therefore nondischargeable in bankruptcy to be more consistent with applicable governing law. *See* 11 U.S.C. § 523(a)(8)(B).

When an individual files a petition for relief under Chapter 7 of the Bankruptcy Code, as Conti has done, her preexisting financial obligations are generally discharged to create a clean slate. But Congress created exceptions to dischargeability that protect certain categories of education loans from discharge. *In re Homaidan*, 596 B.R. 86, 95 (Bankr. E.D.N.Y. 2019); *In re Elebrashy*, 189 B.R. 922, 925 (Bankr. N.D. Ohio 1995) (citing *Andrews Univ. v. Merchant (In re Merchnat)*, 958 F.2d 738, 740 (6th Cir. 1992)). The legislature's stated purpose in excluding some education loans from dischargability is "to preserve the solvency of student loan programs so that funds will be available for future

---

[2] The Court also considers whether the Bankruptcy Judge should have denied Conti's motion for summary judgment but finds that question involves the same analysis because both motions turn on the question of whether the loans are dischargeable.

6

students." *In re Rosen*, 179 B.R. 925, 938 (Bankr. D. Or. 1995) (citing *In re Palmer*, 153 B.R. 888, 893 (Bankr. D.S.D. 1993)).

Accordingly, 11 U.S.C. § 523(a)(8) of the Bankruptcy Code provides that a debtor is generally not discharged from any debt that constitutes:

> (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>
> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
>
> (B) *any other educational loan that is a qualified educational loan, as defined in section 2221(d)(1)* of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

11 U.S.C. § 523(a)(8) (emphasis added).

The Internal Revenue Code defines "qualified educational loan" as "any indebtedness incurred by the taxpayer solely to pay *qualified higher education expenses*." 26 U.S.C. § 221(d)(1) (emphasis added). Conti contends that the use of the term "solely" in § 221(d)(1) means that "if the proceeds of the loans . . . could be used for anything other than qualified higher education expenses—even one thing—the loans are not qualified loans and may be discharged." ECF No. 7, PageID.2747 (Appellant's Br.). The Court is not convinced by this interpretation of the Internal Revenue Code. The Code further defines "qualified higher education expenses" as "the cost of attendance (as defined in section 472 of the Higher Education

Act of 1965, 20 U.S.C. 1087*ll*, as in effect on the day before the date of the enactment of the Taxpayer Relief Act of 1997) at an eligible educational institution . . . ." The Higher Education Act of 1965 in turn expansively describes "cost of attendance" to include the following expenses, among others:

> (1) tuition and fees normally assessed a student carrying the same academic workload as determined by the institution, and including costs for rental or purchase of any equipment, materials, or supplies required of all students in the same course of study;
>
> (2) an allowance for books, supplies, transportation, and *miscellaneous personal expenses* . . . .

20 U.S.C. §§ 1087*ll*(1)–(2) (emphasis added). The phrase "miscellaneous personal expenses" is not defined by any applicable statute or by the promissory notes themselves.

The crux of Conti's argument is that her student loans were not for qualified higher education expenses because the loans permitted her to use—and she in fact did use—a portion of the loan proceeds for personal expenses. But this same argument has previously been considered and rejected by a number of courts. In *In re Jean-Baptiste*, for example, the debtor had used a portion of her education loan proceeds for birthday gifts, shopping, concert tickets, and other similar expenses. 584 B.R. at 583. The court in that case emphasized that "the stated purpose and not the actual use of the loan determines whether a loan is an 'educational loan' excepted from discharge under § 523(a)(8)." *Id.* at 585. This Court

agrees that that the question of whether Conti's loans are "qualified educational loans" under § 523(a)(8)(B) should be determined by examining the purpose of the loan, rather than how the debtor actually spent the loan proceeds. Focusing on how students spent the proceeds of their loans to assess whether the loans were educational loans would of course lead to absurd results. *See Murphy v. Pa. Higher Educ. Assistance Agency (In re Murphy)*, 282 F.3d 868, 873 (5th Cir. 2002) (explaining that "[p]ermitting students to discharge student loans in bankruptcy because the student spent the money on social uses" would permit students who abuse the loans to gain the benefits of discharge while students who use the loans to finance their education would retain the burden of paying them). This approach is frequently referred to as the "substance of the transactions test." *See In re Posner*, 434 B.R. 800, 803 (Bankr. E.D. Mich. 2010) (quoting *Tift Cty. Hosp. v. Nies (In re Nies)*, 334 B.R. 495 (Bankr. D. Mass. 2005)). The test, which examines "the substance of the transaction which resulted in the obligation," involves assessing the lender's "primary intent for entering into the loan." *In re Nies*, 334 B.R. at 501, 505. *See Busson-Sokolik v. Milwaukee Sch. of Eng'g (In re Sokolik)*, 635 F.3d 261, 266 (7th Cir. 2011) ("[W]e hold that it is the purpose of a loan which determines whether it is 'educational.'"). The Court agrees with the bankruptcy court's rationale that there is no reason the substance of the transactions test should not apply to education loans that are "qualified educational loans" under

§ 523(a)(8)(B) just as it has been found to apply to educational loans that fall under § 523(a)(8)(A). *See* ECF No. 7-1, PageID.2798–2801.

Here, the Court finds that the undisputed facts show the five loans at issue were made for educational purposes and were predicated on Conti's status as a student. The loan applications' language plainly demonstrates that Citibank intended the loans to be for an educational purpose. They each include text stating, "You may borrow up to the full cost of education less any financial aid you are receiving." ECF No. 7-2, PageID.2820, 2826, 2832, 2838. And, "I understand that the proceeds of this loan, if approved, must be used for educational purposes." ECF No. 7-2 at PageID.2816, 2822, 2828, 2834, 2840. Additionally, on each of the applications Conti acknowledges, "I understand that the proceeds of this loan are to be used for specific educational expenses." *Id*. Conti has not presented any arguments that would permit her to overcome the plain language of her signed loan application documents, all of which illustrate that Citibank made the loans to help Conti finance her education.

The Court declines to specifically address some of the more novel arguments advanced by Conti, including those about *Chevron* deference, ambiguity in the loan applications' language, and contracts of adhesion. Those arguments are unpersuasive given the plain language in her loan applications and governing caselaw on nondischargability of loans under § 523(a)(8). The undisputed facts show that Arrowood Indemnity Company was entitled to judgment as a matter of law on the question of

whether Conti's loans are dischargeable in bankruptcy. The Court agrees that each of Conti's five loans are nondischargeable because they are "qualified education loans" as contemplated by § 523(a)(8)(B). For these reasons, the bankruptcy court did not err in granting Arrowood Indemnity Company's motion for summary judgment and denying Conti's motion for summary judgment. The decision of the Bankruptcy Court is hereby **AFFIRMED**.

**SO ORDERED.**

Dated: January 21, 2020

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE